UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:11-93 |
| | § | (CIVIL NO. 6:15-65) |
| COREY H. GREEN, | § | |
|    Defendant/Movant. | § | |

**OPINION & ORDER**

Pending before the Court is Movant Corey H. Green's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 94).

**I. BACKGROUND**

Following a bench trial on October 24, 2012, Movant was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Probation Department thereafter prepared Movant's Presentence Investigation Report (PSR), which calculated his offense level and criminal history points. His base offense level under U.S.S.G. § 2K2.1(a)(2) was 24. Two levels were added because the firearm was stolen, four levels were added because Movant used the firearm in connection with numerous felony offenses, and two levels were added because Movant willfully obstructed justice during the course of the prosecution, for a total offense level of 32. Movant had 10 criminal history points, resulting in a criminal history category V. Movant's advisory guideline range was 188 to 235 months; however, pursuant to U.S.S.G. § 5G1.1(c)(1), the statutorily-authorized maximum sentence was 120 months. The Court therefore sentenced Movant to 120 months' imprisonment.

Movant timely appealed. The Fifth Circuit Court of Appeals dismissed his appeal as frivolous on April 8, 2014. D.E. 86, 87 (U.S.C.A. No. 13-40332). The Clerk received Movant's § 2255 motion on August 28, 2015.

## II. LEGAL STANDARD

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

## III. STATUTE OF LIMITATIONS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on July 7, 2014—90 days after the Fifth Circuit dismissed his appeal. *See United States v. Gamble*, 208 F.3d 536, 537 (2000). Thus, Movant had one year from that date, or until July 7, 2015, to file his § 2255 motion. By written Order entered April 27, 2015, the Court granted Movant an additional 30 days to file a § 2255 motion after he presented evidence that the facility where he was housed was on institutional lockdown for a month, and he could not access the law library. D.E. 91. Accordingly, his § 2255 motion was due no later than August 6, 2015.

Movant's § 2255 motion is signed and dated August 6, 2015. D.E. 94, p.14. However, it was not received until more than three weeks later, on August 28, 2015, and the envelope in which it was mailed is postmarked August 25, 2015. *Id.*, p.16. Thus, it appears that Movant's § 2255 motion is untimely.

## II. MOVANT'S § 2255 CLAIM

The only claim Movant raises in his § 2255 motion is that he was "giv[en] two points for obstruction of justice that [he] was never found guilty of." D.E. 94, p.5. Movant indicates that he raised this issue on appeal; however, the record shows that appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), stating that the appeal presented no nonfrivolous issue for appellate review. D.E. 86.

Where a defendant fails to raise a claim on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)); *see also United States* v. *Segler*, 37 F.3d 1131,

1133 (5th Cir. 1994). Here, Movant does not make any claim of actual innocence, nor does he assert that his claim regarding obstruction of justice could not have been presented at an earlier time without further factual development.

The Court finds that Movant's failure to raise his obstruction of justice claim on appeal renders this claim procedurally defaulted. *See Segler*, 37 F.3d at 1134.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## VI. CONCLUSION

As set forth *supra*, it appears that Movant's § 2255 motion is untimely. Moreover, the single ground for relief raised in his motion is procedurally defaulted. Accordingly, Movant's § 2255 motion (D.E. 94) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 28th day of September, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE